IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES HYDE                                                                                    PLAINTIFF

     v.                          Civil No.   5:16-cv-05246

JUDGE STACY ZIMMERMAN,
Juvenile Judge                                                                                 DEFENDANT

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to Section 1915A and Section 1915(e)(2)(B).

## I.  Background

According to the allegations of the complaint (Doc. 1), Judge Zimmerman was assigned to his case. However, on May 3, 2013, Judge Zimmerman was ill and another unnamed judge appeared for court.

Plaintiff maintains he was wrongfully found guilty without proof and required to register as a sex offender. As a result, Plaintiff states his family has suffered.

As relief, Plaintiff asks that his record be cleared so that there are no fines, no probation, and his name is not on the sex offender registry. Additionally, since he was found guilty without proof, he asks for an award of damages in the amount of $100,000.

**II. Discussion**

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting, Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The claims against Judge Stacy Zimmermann are subject to dismissal. Judge Zimmermann is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

**III. Conclusion**

For the reasons set forth above, IT IS ORDERED that this matter is DISMISSED WITH

PREJUDICE pursuant to 28 U.S.C. § 1915(e)--because Plaintiff's claims are frivolous and/or fail to state claims upon which relief may be granted.

      IT IS SO ORDERED this 17th day of January, 2017.

                                              /s/ P. K. Holmes, III
                                              P.K. HOLMES, III
                                              CHIEF U.S. DISTRICT JUDGE